# GIBSON DUNN

Alex Gesch
Of Counsel
T: +1 202.887.3776
agesch@gibsondunn.com

May 3, 2024

VIA ECF

Hon. Hector Gonzalez
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Trident Cap. Grp. Fund I LLC v. The Nasdaq Stock Mkt., LLC et al.*, No. 24-cv-2318

Dear Judge Gonzalez:

We write on behalf of Defendants The Nasdaq Stock Market, LLC ("Nasdaq") and Arnold Golub to request a pre-motion conference regarding a motion to dismiss all claims in the Complaint.[1] Per the Court's Individual Practices, below is a summary of the bases for the motion.

Plaintiff Trident Capital Group Fund I LLC ("Trident") alleges that Nasdaq—a private self-regulatory organization ("SRO") under the Securities Exchange Act of 1934 ("Exchange Act")—and several of its employees abused their regulatory discretion in evaluating an application to list securities and in deciding to halt trading of a stock. Trident asserts claims under the Administrative Procedure Act ("APA") (5 U.S.C. § 706(2)(a)), the Equal Protection Clause of the Fourteenth Amendment,[2] and state common law for tortious interference with advantageous business relationship. Each claim should be dismissed under Rule 12(b)(6).

**Background.** Trident alleges that its members held a minority interest in Minority Equality Opportunities Acquisition, Inc. ("MEOA")—a special purpose acquisition company listed on The Nasdaq Capital Market that in 2023 sought to merge with Digerati Technologies, Inc., a company trading on the over-the-counter market. Compl. ¶¶ 1, 13-14. Under the Exchange Act, Nasdaq's delegated regulatory responsibilities include creating, interpreting, and enforcing listing standards for securities on its exchange, subject to the pervasive oversight of the Securities and Exchange Commission. *See* 15 U.S.C. § 78f(b)(5); *id.* § 78*l*(b), (d); *id.* § 78s(g)(1). Exercising those regulatory listing duties, Nasdaq evaluated MEOA's application to list the combined company on Nasdaq's exchange, including MEOA's valuation of the combined company. Compl. ¶¶ 40-41. During that review, Nasdaq exercised its regulatory discretion to halt trading in MEOA's securities. *Id.* ¶ 46. Prior to any final listing decision by Nasdaq, MEOA decided in July 2023 that it would redeem its public shares, abandon the proposed merger, and liquidate. *Id.* ¶ 65.

Trident's claims are subject to dismissal on multiple grounds, including those described below.

---

[1] To counsel's knowledge, the other individuals named in the Complaint have not yet been served.

[2] The Fourteenth Amendment's Equal Protection Clause applies to the States, not the federal government. Trident alleges that Nasdaq "functioned as an agent of the United States government," Compl. ¶ 81, not a State. Thus, the relevant constitutional doctrine is the equal protection component of the Fifth Amendment's Due Process Clause. As described below, however, Trident also fails to state a claim under the Fifth Amendment for numerous reasons, including because Nasdaq is a private entity, not a state actor subject to constitutional constraints.

**Self-Regulatory Immunity.**  All of Trident's claims are barred by Nasdaq's self-regulatory immunity.  An unbroken chain of authority has left "no question" that a private self-regulatory organization, like Nasdaq, and its employees "are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities."  *Standard Inv. Chartered, Inc. v. NASD*, 637 F.3d 112, 115 (2d Cir. 2011) (per curiam).[3]  Each of Trident's claims challenges Nasdaq's "regulatory decisions" and purported abuse of its delegated regulatory listing "discretion."  *E.g.*, Compl. ¶¶ 79, 91, 99.  Case after case has applied self-regulatory immunity to bar similar claims challenging an exchange's exercise of its regulatory duties to enforce listing standards, including by halting trading in listed securities.[4]

**Trident's Federal Claims Fail For Numerous Additional Reasons.**

**No State Action, No Government Agency.**  Although Nasdaq carrries out delegated regulatory responsibilities in its SRO capacity, it is indisputably a private company, not a government agency subject to constitutional scrutiny or APA review.  The Second Circuit and other courts have repeatedly rejected attempts to subject Nasdaq and other SROs, and their employees, to constitutional scrutiny.  *See Desiderio v. NASD*, 191 F.3d 198, 206 (2d Cir. 1999) ("NASD is a private actor, not a state actor").[5]  Trident does not allege that Nasdaq meets the criteria for treating a private company as a government actor—in particular, Nasdaq was not created by the government and its board is not government-appointed.  *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 138 (2d Cir. 2002) (the Supreme Court's decision in *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995)—which deemed Amtrak to be part of the government— "is clearly distinguishable" because there "is no commonality between NASD and Amtrak").  Nor does Trident allege a sufficient nexus between a government entity and Nasdaq's *specific* listing-related conduct to render that conduct "'fairly attributable'" to the government and thus state action.  *Desiderio*, 191 F.3d at 206-07.

For similar reasons, self-regulatory organizations like Nasdaq are not federal agencies subject to an APA claim.  *See, e.g.*, *North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 78 (D.D.C. 2015) (the "APA does not apply to SROs" (citing *Matter of Frank L. Palumbo*, 52 S.E.C. 467, 475 (1995) ("We

---

[3] *See, e.g.*, *In re NYSE Specialists*, 503 F.3d 89, 96 (2d Cir. 2007) (federal statutory and New York common-law claims); *D'Alessio v. NYSE*, 258 F.3d 93, 100, 106 (2d Cir. 2001) (New York common-law claims); *Barbara v. NYSE*, 99 F.3d 49, 53, 59 (2d Cir. 1996) (Fifth Amendment due process claim), *abrogated in part on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016).

[4] *See, e.g.*, *DL Capital Grp., LLC v. Nasdaq Stock Mkt.*, 409 F.3d 93, 98 (2d Cir. 2005) (holding that announcing the suspension or cancellation of trades is equally "'part of defendants' regulatory duties as is the actual suspension or cancellation of trades'" and is therefore immune); *Sparta Surgical v. NASD*, 159 F.3d 1209, 1213-15 (9th Cir. 1998) ("defendants are immune from Sparta's claims" challenging "trading suspension and temporary de-listing"), *abrogated in part on other grounds by Manning*, 136 S. Ct. 1562; *Wey v. Nasdaq, Inc.*, 188 A.D.3d 587 (N.Y. App. Div. 2020) (barring New York common-law claims against Nasdaq and its employees for actions to enforce Nasdaq's round-lot holder listing requirement).

[5] *See also, e.g.*, *D.L. Cromwell Invs., Inc. v. NASD Regul., Inc.*, 279 F.3d 155, 161-62 (2d Cir. 2002); *Jones v. SEC*, 115 F.3d 1173, 1183 (4th Cir. 1997); *First Jersey Secs., Inc. v. Bergen*, 605 F.2d 690, 698 (3d Cir. 1979).

have repeatedly noted that the [APA] does not apply to self-regulatory organizations"))).[6]

**No Finality.**  APA claims require "final agency action." 5 U.S.C. § 704.  Trident does not even allege a final decision by Nasdaq on MEOA's listing application, much less a final order by the SEC reviewing any Nasdaq decision—which would be reviewable in a designated U.S. Court of Appeals under the Exchange Act, not in this Court.  *See* 15 U.S.C. § 78s(d)(1)-(2) (SEC review); *id.* § 78y(a)(1) (judicial review of SEC decision).

**No Private Right Of Action / *Bivens* Remedy.**  Congress did not create a private right of action to "challenge an exchange's failure to follow its own rules." *Desiderio*, 191 F.3d at 208; *Sparta*, 159 F.3d at 1213.  The Exchange Act's exclusive review process, not the APA, is the avenue to seek redress regarding a self-regulatory organization's regulatory conduct.  In any event, money damages—the only relief Trident seeks—are unavailable under the APA.  *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 263-64 (1999) (citing 5 U.S.C. § 702).  Similarly, Trident's constitutional claim fails because there is no *Bivens* remedy against a private corporation or private employees.  *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72-74 (2001) (private company); *Minneci v. Pollard*, 565 U.S. 118, 126-28 (2012) (private prison employees); *Effex Cap., LLC v. Nat'l Futures Ass'n*, 933 F.3d 882, 885 (7th Cir. 2019) (*Bivens* remedy unavailable in constitutional challenge to SRO under the Commodity Exchange Act).

**Trident's State-Law Claim Fails For Numerous Additional Reasons.**

**Preemption.**  The Exchange Act's comprehensive regulatory scheme preempts Trident's state-law challenge to Nasdaq's "regulatory decisions." Compl. ¶ 99.  Courts have "consistently found [that] Congress's intent under the Exchange Act" was to preempt state-law claims "based on an SRO's duties under the Exchange Act." *In re Series 7*, 548 F.3d 110, 113-14 (D.C. Cir. 2008); *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 155 (2d Cir. 2016) (state-law claims preempted).

**Failure To Plead Elements Of Tortious Interference Claim.**  Trident's tortious interference claim fails to allege that Nasdaq "knew of [Trident's] relationship" with MEOA and "intentionally interfered with it." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006) (quoting *Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir. 2003)).

**Lack Of Allegations Regarding Arnold Golub.**  Trident's claims against Arnold Golub fail for the additional reason that Trident fails to allege any specific misconduct by him.  Trident generally alleges that Golub worked at Nasdaq and was a member of the "Listing Team" that evaluated MEOA's application.  Compl. ¶¶ 6, 39.  But the allegations supporting the causes of action identify only a single passing statement by Golub and another employee regarding the challenged conduct.  *See id.* ¶¶ 63, 86.

---

[6] *See also*, *e.g.*, *Shultz v. SEC*, 614 F.2d 561, 569 (7th Cir. 1980) (holding that the APA does not apply to the Chicago Board Options Exchange); *Indep. Inv. Protective League v. NYSE*, 367 F. Supp. 1376, 1377 (S.D.N.Y. 1973) (holding that FOIA "applies only to federal agencies," not to the New York Stock Exchange).

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Alex Gesch*

Alex Gesch