**BRADFORD EDWARDS** LLP

**Denver G. Edwards**
**Partner**
575 5ᵗʰ Avenue, Floor 14
New York, NY 10017
O: (917) 671-9407
M: (201) 306-1090
dedwards@bradfordedwards.com

July 15, 2024

<u>VIA CM/ECF</u>

The Honorable Hector Gonzalez
United States District Judge
225 Cadman Plaza East
Courtroom: 6A South
Brooklyn, New York 11201

RE:    **Trident Capital Group Fund I LLC v. The NASDAQ Stock Market, LLC** *et al.*, **Civil Case No.: 1:24-cv-02318-HG**

Dear Judge Gonzalez:

Trident Capital Fund Group I LLC **("Trident" or "Plaintiff")** objects to the request of The NASDAQ Stock Market, LLC, Stanley Higgins, Benjamin Haskell, Eun Ah Choi, Arnold Golub, and Nikolai Utochkin (collectively, the **"Defendants"**) to stay discovery pending resolution of their motion to dismiss. *See* D.E. 19 at 2 & nn.3-4; D.E. 30 at 1. Defendants effectively seek a protective order pursuant to Federal Rule of Civil Procedure 26 but fail to demonstrate that they meet the standard for relief. Trident respectfully requests that the Court deny the Defendants' motion to stay discovery and implement the Case Management Plan attached hereto.

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Sharma v. Open Door NY Home Case Services*, 345 F.R.D. 565, 567 - 568 (E.D.N.Y. 2024)(citing *Salese v. JP Morgan Chase & Co.*, 2023 U.S. Dist. LEXIS 138016 at *1 (E.D.N.Y. 2023). The pendency of a dispositive motion, without more, is not an automatic ground for a stay. *Id.*

Federal Rule of Civil Procedure 26(c) permits "a district court [to] stay discovery during the pendency of a motion to dismiss for 'good cause' shown." *Hollins v. United States Tennis Ass'n.*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). The factors to determine "good cause" include: "(1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; … (3) the risk of unfair prejudice to the party opposing the stay[;] (4) the nature and complexity of the action; and (5) the posture of the litigation." *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007). *See also, Avara Pharm. Servs. Ltd. v. JPMorgan Chase Bank, N.A., 2023 U.S. Dist. LEXIS 63735*

(S.D.N.Y. 2023). The movant has the burden to establish that a stay is warranted. *Nike, Inc. v. Lululemon USA Inc.*, 2023 U.S. Dist. LEXIS 31258 at *1 (S.D.N.Y. 2023).

**Trident's Meritorious Claim.** The Defendants basis for a stay rest solely on their purported entitlement to "absolute immunity from suit for actions taken in connection with their regulatory responsibilities as a self-regulatory organization **("SRO")** and as employees of a self-regulatory organization." *See* D.E. 36 at 1. The Defendants argue that an SRO, such as The NASDAQ Stock Market LLC's **("Nasdaq")** is shielded from liability even if it engages in blatantly racist conduct that violates the constitutional rights of citizens or violates public policy. Nasdaq is wrong. Except in limited circumstances, such as judicial, prosecutorial, and legislative functions, courts have declined to grant public officials absolute immunity from private lawsuits alleging Constitutional violations. *See Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). The Defendants' conduct does not fall within any exception that merits absolute immunity. Trident has pled facts sufficient to show that the Defendants' blocked Trident's business combination agreement from proceeding based on race. The Defendants have failed to rebut that these allegations lack merit.[1]

**Breadth of Discovery is not Burdensome.** Courts consider the number and scope of discovery (both time period and subject matter) to determine whether the breach of discovery weigh in favor of staying discovery. *Avara Pharm. Servs. Ltd. v. JPMorgan Chase Bank, N.A.*, 2023 U.S. Dist. LEXIS 63735 (Apr. 10, 2023). Here, discovery will focus on Nasdaq's listing policies and procedures, generally, and specifically how the decisions were made to deny Trident's application to list on the exchange. The remaining Defendants constitute the Listing Team that implemented Nasdaq's listing requirements. Trident plans to limit discovery to these five additional Defendants unless additional persons are uncovered during discovery. Lastly, the time period at issue is confined to December 2022 through July 2023.

**Defendants do not Demonstrate Prejudice.** The Defendants must demonstrate that a stay would not prejudice Trident. *Mirra v. Jordan*, 2016 U.S. Dist. LEXIS 30492 (S.D.N.Y. 2016) (court declined to stay case when moving party failed to establish that no risk of unfair prejudice to the non-moving party exists). *See also RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.,* 2023 U.S. Dist. LEXIS 12210 (S.D.N.Y. 2023). The Defendants do not attempt to address this issue. At a minimum, the passage of time would be prejudicial to Trident as the sting of the Defendants' pernicious conduct diminishes each day and memories fade regarding the Listing Team's decision to prevent Trident's Business Combination Agreement from moving forward while Nasdaq permitted similarly situated applications to proceed to listing. Further, the Defendants have failed to articulate how they would be prejudiced if a stay is not granted. And generally referring to the fact that discovery is time-consuming and expensive is insufficient evidence of prejudice. The Defendants have not carried their burden regarding prejudice if the Court does not grant a stay.

---

[1] Furthermore, courts have carved out exceptions to the absolute immunity that Nasdaq claims. For example, in *Platinum Partners Value Arbitrage Fund, Ltd. P'ship v. Chi. Bd. Options Exch.*, 976 N.E.2d 415, 422 (1st Dist. 2012), the court ruled that absolute immunity did not extend to the defendant self-regulatory organizations' decision to disseminate information about their adjustment of a mutual fund's strike price to select market participants, ahead of the public announcement of this adjustment. The court highlighted that "in the private disclosure of the price-adjustment decision," the organizations "were acting in their private capacity and for their own corporate benefit" and not acting in any regulatory capacity. *Id.* at 422.

**The Case is not Complex.**  The Defendants seek to make this case complex, but it is not. Plaintiff contends that the Defendants blocked Trident's Business Combination Agreement from proceeding based on race.  The Defendants have not rebutted the allegation.   Instead, the Defendants argue that they are exercising their regulatory responsibilities as delegated by the Securities and Exchange Commission **("SEC")** and thus, the SEC's sovereign immunity attaches to them, and that NASDAQ is a private entity that is not subject to Administrative Procedure Act or constitutional scrutiny.  The SEC's delegation of authority did not grant Nasdaq free reign to trample on the constitutional rights of qualified diverse citizens seeking to access the capital markets by listing on the Nasdaq exchange.  The Defendants' argument is a version of derivative absolute immunity that the Supreme Court has determined "sweeps too far."  *See Harlow v. Fitzgerald*, 457 U.S. at 810.  Nasdaq cannot cloak itself in the SEC's immunity to escape liability for engaging in constitutional violations of Plaintiff's rights.

**Posture of Case.**  Progress on this case has been delayed and the parties have not satisfied their Rule 26 obligations.  Completion of the Case Management Plan is a gating item to moving forward with discovery, including 30(b)(6) deposition of Nasdaq and individual depositions.

The Defendants have failed to satisfy their burden for a protective order to stay discovery. Trident respectfully requests that the Court deny the Defendants' request and implement the attached Case Management Plan.


Respectfully,

Denver G. Edwards, Esq.